UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Crim. Case No. 19-cr-20389

v.                                         Civil Case No. 21-mc-51440

D-1 FRANK MANNI, JR.,             Honorable David R. Grand

    Defendant,

RADA MANNI,

    Interested Party.
_____/

**UNITED STATES' OPPOSITION AND MOTION TO DISMISS PETITION OF RADA MANNI**

Plaintiff, United States of America, by and through Assistant United States Attorney Adriana Dydell opposes and moves to dismiss Rada Manni's Petition for lack of standing. A brief in support of the United States' Motion accompanies this filing. In accordance with Local Rule 7.1, the undersigned discussed the nature of this opposition/motion and its legal basis with Steven Cohen, counsel for Petitioner. Mr. Cohen did not concur in the relief requested.

Respectfully submitted,

DAWN N. ISON
United States Attorney

 s/Adriana Dydell
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: January 26, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 FRANK MANNI, JR.,

    Defendant,

RADA MANNI,

    Interested Party.
_____/

Crim. Case No. 19-cr-20389

Civil Case No. 21-mc-51440

Honorable David R. Grand

**BRIEF IN SUPPORT OF UNITED STATES' OPPOSITION AND MOTION TO DISMISS PETITION OF RADA MANNI**

**I.  Introduction**

Rada Manni ("Petitioner") filed a Petition for property forfeited in the criminal case against her ex-husband, Frank Manni, Jr. (Case No. 19-cr-20389). Petitioner's filing prompted the Court to open this ancillary forfeiture proceeding in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure. Plaintiff moves to dismiss the Petition for lack of standing under 21 U.S.C. § 853(n)(2) and Federal Rule of Criminal Procedure 32.2(c). In addition, Plaintiff opposes the Petition because it fails on the merits under 21 U.S.C. § 853(n)(6).

# Table of Authorities

**Federal Statutes**

21 U.S.C. § 853

**Federal Rules of Procedure**

Federal Rule of Criminal Procedure 32.2

Federal Rule of Civil Procedure 12

**Cases**

*United States v. Coffman*, 612 F App'x 278, 285 (6th Cir. 2015)

*United States v. Fabian*, 764 F.3d 636 (6th Cir. 2014)

*United States v. Huntington National Bank*, 682 F.3d 429 (6th Cir. 2012)

*United States v. White*, 675 F.3d 1073 (8th Cir. 2012)

*United States v. Monea Family Trust I*, 626 F.3d 271 (6th Cir. 2010)

*United States v. Tarraf*, 725 F. Supp. 2d 625 (E.D. Mich. 2010)

*United States v. Salti*, 579 F.3d 656 (6th Cir. 2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*United States v. Butera*, No. 1:05cr12WJG-1, 2006 WL 2632384 (S.D. Miss. Sept. 13, 2006)

*United States v. Perkins,* 382 F. Supp. 2d 146 (D. Me. 2005)

*Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509 (6th Cir. 2001)

*United States v. McCorkle*, 143 F. Supp. 2d 1311 (M.D. Fla. 2001)

*United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000)

*United States v. Dempsey*, 55 F. Supp. 2d 990 (E.D. Mo. 1998)

*United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185 (D.C. Cir. 1995)

*United States v. Lavin*, 942 F.2d 177 (3d Cir. 1991)

*United States v. Campos*, 859 F.2d 1233 (6th Cir. 1988)

## II.     Procedural Background

Frank Manni, Jr. is the lead defendant in the criminal case, *United States of America v. Frank Manni, Jr., et al*, Case No. 19-cr-20389 (Honorable Nancy G. Edmunds). On or about June 11, 2019, Manni was charged in a criminal Information. (19-cr-20389, ECF No. 28). The Information charges Manni with Transportation of Stolen Goods between approximately December 2016 and October 2018 in violation of 18 U.S.C. § 2314. (19-cr-20389, ECF No. 28, PageID.101).

On or about October 23, 2019, Manni entered a Rule 11 Plea Agreement in which he pleaded guilty to Count One of the Information. (19-cr-20389, ECF No. 60, PageID.285). In his Plea Agreement, Manni also agreed to forfeiture of his interest in any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the scheme to transport stolen goods. In support of his Plea Agreement, Mr. Manni also agreed to forfeit his interest in the following assets and agreed that these assets are directly traceable to criminal proceeds derived from the scheme to transport stolen goods: $65,000.00 cash seized from a vehicle operated by Abdulsamed Montaser on or about October 31, 2018; $3,710.77 from JPMorgan Chase bank Account No. 357662151; Man's 18K YG submariner diamond Rolex oyster perpetual date watch, Serial No: Z335875, Style #16613; Man's 18K WG oyster perpetual Rolex stainless steel

1

watch, Serial Number L3C62309, Model: 114300; Eight Antique Silver Dollar Coins seized [from] 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019; $350,599.00 cash seized from 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019; and 108 iPhones, 5 desktop computers and 1 laptop computer specifically identified in the First Forfeiture Bill of Particulars. (19-cr-20389, ECF No. 60, PageID.291). The Court entered a Preliminary Order of Forfeiture on October 14, 2021, which provided for the forfeiture of:

a) $65,000.00 cash seized from a vehicle operated by Abdulsamed Montaser on or about October 31, 2018;

b) $3,710.77 from JPMorgan Chase bank Account No. 357662151;

c) Man's 18K WG oyster perpetual Rolex stainless steel watch, Serial Number L3C62309, Model: 114300;

d) Eight Antique Silver Dollar Coins seized from 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019;

e) $350,599.00 cash seized from 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019; and

f) 5 desktop computers and 1 laptop computer specifically described as:

   i. One Apple Speck laptop SN: C02GK17NDRJL;

   ii. One Dell OptiPlex 780 Desktop SN: 3C6WMM1;

   iii. One HP 110 Desktop SN: 4CE34101Y5;

   iv. One ASUS M32 Series Desktop, SN: GBPDCG000JWR;

2

      v.      One Dell Inspiron 530 Desktop, SN: 6W0CYF1; and

      vi.      One Dell OptiPlex 390 Desktop, SN:437WXV1.

(the "Forfeited Property"). (19-cr-20389, ECF No. 91, PageID.441-42). The Court found that the Forfeited Property has a nexus to the scheme to transport stolen goods charged in Count One of the Information. (19-cr-20389, ECF No. 91, PageID.441). On October 20, 2021 the Court entered an Amendment to the Preliminary Order of Forfeiture ordering a forfeiture money judgment in the amount of $3,500,000. (19-cr-20389, ECF No. 96, PageID.546-47).

In accordance with its statutory obligations, the United States served Notice of the Preliminary Order of Forfeiture on all parties known to the Government who may have or claim an interest in any of the Forfeited Property. Service of the Notice of Preliminary Order of Forfeiture occurred on November 5, 2021 and November 18, 2021. (19-cr-20389, ECF Nos. 101, 102). Additionally, the United States published Notice of the Preliminary Order of Forfeiture on the official government internet site www.forfeiture.gov for at least 30 consecutive days between October 16 to November 14, 2021.

In response to the United States' notice of the Preliminary Order of Forfeiture, Rada Manni filed a Petition claiming an interest in the Forfeited Property. (ECF No. 1). The Petition states that she "possesses a valid interest in the personal property and effects set forth in the Notice of Preliminary Order of

3

Forfeiture by virtue of her role as Manni's wife until the Judgment of Divorce was entered on October 4, 2018…." (ECF No. 1, PageID.8).

### III. Background Regarding Ancillary Forfeiture Proceedings

An ancillary proceeding provides a forum for third parties to contest an order of forfeiture on the ground that the forfeited property belongs to them and not to the defendant. *See United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009) (summarizing statutory and procedural authority for ancillary proceedings). The ancillary proceeding is not a forum to relitigate issues from the criminal case or to litigate personal claims against a criminal defendant. *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (third party cannot intervene in criminal case); *United States v. Perkins*, 382 F. Supp. 2d 146, 150 (D. Me. 2005) (petitioner, to whom defendant owed child support, cannot use ancillary proceeding to adjudicate the validity of her debt or her interest in property not subject to forfeiture).

The statutory and procedural requirements for ancillary proceedings are set forth 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). Petitioner bears the burden to demonstrate by a preponderance of the evidence that she has standing in this matter under 21 U.S.C. § 853(n)(2) and that her claim satisfies the substantive grounds for recovery described in 21 U.S.C. § 853(n)(6). *United States v. Dempsey*, 55 F. Supp. 2d 990, 992 (E.D. Mo. 1998).

Under Federal Rule of Criminal Procedure 32.2(c)(1)(A), the Court may ". . . on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). Rule 32.2 also directs the Court to first dispose of any motion before conducting a hearing on the petition. Fed. R. Crim. P. 32.2(c)(1)(B). The Court may dismiss a petition that fails to allege all elements necessary for recovery, including standing, without holding a hearing. *Salti*, 579 F.3d at 664, n.6 (noting the Sixth Circuit's prior ruling in *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988)); *Perkins*, 382 F. Supp. 2d at 149-50. Here, the Court should dismiss the Petition without a hearing because the Petitioner does not have standing and because Petitioner's claim to the Forfeited Property fails on the merits.

"'[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should 'be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).'" *Salti*, 579 F.3d at 667 (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d. Cir. 2004)). In assessing a Rule 12(b) motion, the Court must construe the Petition in the light most favorable to the Petitioner and accept all well-pleaded factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). To survive a motion to

dismiss, a petition must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. Analysis

### A. Petitioner Cannot Establish Standing to Contest Forfeiture Because She is a General Unsecured Creditor.

To contest forfeiture, a petitioner must first demonstrate standing. *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012). Standing requires a showing that the petitioner has a cognizable "legal interest" in the Forfeited Property. 21 U.S.C. § 853(n)(2); *White*, 675 F.3d at 1078. Here, Petitioner has not asserted a specific interest in any of the assets forfeited; rather, Petitioner states a general claim to all of the Forfeited Property. Petitioner's claim for unpaid child support makes her a general unsecured creditor of Manni.

General unsecured creditors lack a legal interest in forfeited property sufficient to establish standing under Section 853(n)(2). *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191-92 (D.C. Cir. 1995) *see also United States v. Tarraf*, 725 F. Supp. 2d 625, 630 (E.D. Mich. 2010) (general creditors do not have standing in forfeiture proceedings); *Perkins,* 382 F. Supp. 2d at 149-50 (woman to whom defendant owed child support is an unsecured creditor who does not have standing in the ancillary proceeding). For purposes of determining standing, a judgment that has not been converted into a lien against the specific property forfeited is an unsecured debt. *Dempsey*, 55 F. Supp. 2d at

6

993-94 (petitioner was an unsecured creditor without standing because petitioner did not execute judgment for child support arrears against defendant's property); *see also United States v. Butera*, No. 1:05cr12WJG-1, 2006 WL 2632384, *4 (S.D. Miss. Sept. 13, 2006) (holding petitioner is an unsecured creditor without standing because judgment for child support payments does not attach to specific property). Based on the facts contained within her Petition, Petitioner is at most a general unsecured creditor. Because Petitioner has not perfected her judgment with a lien against any of the Forfeited Property, she has not established standing to support a claim to the Forfeited Property.

      **B.    Even if Petitioner Could Satisfy the Standing Requirements of § 853(n)(2), the Petition Fails on the Merits Under § 853(n)(6).**

To prevail in an ancillary proceeding, a petitioner must show an interest in the property under one of the two bases set forth at 21 U.S.C. § 853(n)(6). *See United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010) (internal quotations omitted) *see also United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991). Thus, to have a cognizable legal interest in the Forfeited Property, Petitioner's claim must fit within either 853(n)(6)(A) or 853(n)(6)(B). It does not.

Under 21 U.S.C. § 853(n)(6)(A), a petitioner must show a legal right, title, or interest in the Forfeited Property, which vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts giving rise to the forfeiture. Under the relation back

7

doctrine, "[a]ll right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c); *United States v. Huntington National Bank*, 682 F.3d 429, 433 (6th Cir. 2012).

Manni pleaded guilty to Transportation of Stolen Goods. In the factual basis of his Plea Agreement, Manni acknowledged that from at least 2016 to April 2019, he operated a cell phone retail/repair store known in the community as a place to sell stolen or fraudulently obtained cell phones. (19-cr-20389, ECF No. 60, PageID.286). Manni acknowledged that he quickly re-sold the phones in bulk to buyers in Arizona and Ohio before the devices were reported stolen and flagged by cell phone providers. (19-cr-20389, ECF No. 60, PageID.286). Specifically, between 2017 and October 2018, Manni and a co-defendant shipped boxes of stolen or fraudulently obtained cell phones to Scottsdale, Arizona and from October 2018 to April 2019, they shipped boxed of stolen or fraudulent obtained cell phones to Cincinnati, Ohio. (19-cr-20389, ECF No. 60, PageID.287). Manni acknowledged that he personally obtained or derived, criminal proceeds from the described scheme and agreed that the Forfeited Property was directly traceable to criminal proceeds derived from the scheme. (19-cr-20389, ECF No. 60, PageID.290-91).

8

Even assuming Petitioner stated a legally cognizable interest in the Forfeited Property, such interest could not have vested prior to the Government's interest under 21 U.S.C. § 853(n)(6)(A). "[U]nder the relation-back clause, the government steps into the shoes of the defendant as to any forfeitable property from the point of the commission" of the offense of conviction. *United States v. Coffman*, 612 F App'x 278, 285 (6th Cir. 2015). Here, the Government's ownership interest in the Forfeited Property vested when the offense began in 2016 whereas the judgment identified by Petitioner was entered in October 2018. *See Dempsey*, 55 F. Supp. 2d at 992-93. Because the Government's interest in criminal proceeds vests upon the commission of the offense, neither Manni, nor the Petitioner have a superior interest in the Forfeited Property. Stated another way, as a practical matter, no one can have a cognizable legal interest in criminal proceeds because proceeds do not precede the crime. *See United States v. Hooper*, 229 F.3d 818, 821-22 (9th Cir. 2000).

Finally, the Petition does not establish that Petitioner is a bona fide purchaser of any of the Forfeited Property because Petitioner did not exchange anything of value for the Forfeited Property. Thus, Petitioner's claim also fails under 21 U.S.C. § 853(n)(6)(B).

9

## V.   Conclusion

Taking the Petition in the light most favorable to Petitioner, as a general unsecured creditor, Petitioner has not established a cognizable legal interest in the Forfeited Property. Therefore, the Petition does not establish a basis for standing under 21 U.S.C. § 853(n)(2) and should be dismissed. In addition, the Petition does not state a cognizable "right, title, or interest" in the Forfeited Property under 21 U.S.C. § 853(n)(6).

                                      Respectfully submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      _s/Adriana Dydell_____
                                      ADRIANA DYDELL
                                      Assistant United States Attorney
                                      211 W. Fort St., Ste. 2001
                                      Detroit, MI 48226
                                      (313) 226-9125
                                      adriana.dydell@usdoj.gov
                                      [CA Bar No 239516]

Dated: January 26, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2021, the United States' Opposition and Motion to Dismiss Petition of Rada Manni for Lack of Standing was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to any party identified on the docket.

s/Adriana N. Dydell
ADRIANA N. DYDELL
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9125
adriana.dydell@usdoj.gov
