UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

FRANK MANNI, Jr.

         Defendant,

RADA MANNI,

         Interested Party.
_____/

Civil Action No. 21-51440

Criminal No. 19-cr-20389

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO GRANT UNITED STATES' MOTION TO DISMISS (ECF No. 3) AND TO DISMISS PETITIONER'S PETITION (ECF No. 1)

In Criminal Case No. 19-20389, Frank Manni, Jr. ("Defendant") pleaded guilty to Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314. In conjunction with his Rule 11 plea agreement, Defendant agreed "to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the scheme to transport stolen goods . . ." (19-30389, ECF No. 60, PageID.291). Although the list of such property initially included a "Man's 18K YG submariner diamond Rolex oyster perpetual date watch, Serial No: Z335875, Style #16613" and 108 iPhones (the "YG Rolex and iPhones"), ultimately, the Court's Preliminary Order of Forfeiture **did not** reference the YG Rolex and iPhones. Similarly, the section of the Criminal Case Judgment against Defendant regarding forfeiture makes

no mention of the YG Rolex and iPhones. (*Id.*, ECF No. 98, PageID.561).[1] In short, the only property that the United States is contending is subject to forfeiture arising out of Defendant's conviction is the following:

 a) $65,000.00 cash seized from a vehicle operated by Abdulsamed Montaser on or about October 31, 2018;

 b) $3,710.77 from JPMorgan Chase bank Account No. 357662151;

 c) Man's 18K WG oyster perpetual Rolex stainless steel watch, Serial Number L3C62309, Model: 114300;

 d) Eight Antique Silver Dollar Coins seized from 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019;

 e) $350,599.00 cash seized from 4524 18 ½ Mile Road, Sterling Heights, Michigan on or about April 10, 2019; and

 f) 5 desktop computers and 1 laptop computer . . .

(*Id.*, PageID.560-61) (the "Subject Property").

On November 22, 2021, Rada Manni ("Petitioner"), who was previously married to Defendant, commenced this miscellaneous action by filing a "Petition and Assertion of Interest in [the Subject Property]." (Case No. 21-51440, ECF No. 1) (the "Petition"). That Petition was referred to the undersigned for a hearing under 21 U.S.C. § 853. (ECF No. 2). However, on January 26, 2022, the United States filed a motion to dismiss Petitioner's Petition. (ECF No. 3). That motion has also been referred to the undersigned. (ECF No. 4). Petitioner filed a response opposing the motion to dismiss (ECF No. 5), and on June

---

[1] As confirmed by the United States at the hearing on this matter, **no issues regarding the YG Rolex and 108 iPhones are presently before this Court**, and this Report and Recommendation has no bearing on the rights or interests of any party in that particular property.

17, 2022, the Court heard oral argument on the motion.

For the detailed reasons stated on the record during the hearing,[2] **IT IS RECOMMENDED** that the United States' motion to dismiss **(ECF No. 3)** be **GRANTED** and that Petitioner's Petition **(ECF No. 1)** be **DISMISSED**.

Dated: June 21, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

# NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

---

[2] In short, Petitioner's Petition alleges no facts from which the Court could conclude that she has a cognizable interest in the Subject Property under 21 U.S.C. § 853(n)(6)(A) or (B). She was required to allege facts demonstrating that she either (A) "has a legal right, title, or interest in the [Subject Property] . . . [that] was vested in [her] rather than the [D]efendant or was superior to any right, title, or interest of the [D]efendant ***at the time of the commission of the acts*** which gave rise to the forfeiture of the property . . ." or (B) was a bona fide purchaser for value of the Subject Property. 21 U.S.C. § 853(n)(6)(A), (B) (emphasis added). However, Petitioner merely asserts in her Petition that the Subject Property "should have been included in the marital estate at issue" in her ongoing divorce case with Defendant. (ECF No. 1, PageID.2). And, Petitioner makes clear in her response that the sole basis for her claimed interest in the Subject Property is that Defendant acquired it (unlawfully) during their marriage. (ECF No. 5, PageID.124-25 ("***by virtue of her marriage*** to Defendant . . . Petitioner has a facially colorable interest in the [Subject Property]"); *id.*, PageID.125 ("Petitioner claims an interest in [the Subject Property] by virtue of the nature of certain assets ***as marital property*** . . .") (emphasis added)). As the Court explained in detail at the hearing, this type of "interest" clearly cannot, as a matter of law, satisfy § 853(n)(6)(A) or (B)'s requirements where the Subject Property constitutes proceeds of the unlawful activity giving rise to the forfeiture proceedings. *See United States v. Hooper*, 229 F.3d 818, 820–22 (9th Cir. 2000).

3

U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2022.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager